**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JBS Tolleson Incorporated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Ammonia Refrigeration Incorporated,<br><br>　　　　Defendant. | No. CV-21-00688-PHX-JJT<br><br>**ORDER** |

At issue are Plaintiff JBS Tolleson Inc.'s Motion for Summary Judgment (Doc. 26) and Request for Ruling on Motion for Summary Judgment (Doc. 28). Plaintiff filed its Motion for Summary Judgment on June 14, 2022. The time to respond passed nearly a month ago, and Defendant Ammonia Refrigeration, Inc. has filed no Response. As a result, Plaintiff has also filed a request that the Court grant its summary judgment motion. In that request as well as the summary judgment motion itself, Plaintiff also points out that, after the Court entered the Scheduling Orders, Defendant failed to participate in any discovery in this case.

Federal Rule of Civil Procedure 56(e) provides that, when a party "fails to properly address another party's assertion of fact as required by Rule 56(c)," the Court may "consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Local Rule 56.1 provides the specific manner in which litigants are required to set forth material facts. And Local Rule 7.2(i) states that the Court

may deem the failure to file a required answering memorandum as consent to the granting of the motion, allowing the Court to dispose of the motion summarily.

In its Motion for Summary Judgment (Doc. 26), Plaintiff has provided evidence supporting each element of its claims for breach of contract and negligence against Defendant as well as $474,690.22 in damages. Defendant's failure to proffer any evidence in response renders Plaintiff's evidence undisputed, and the Court deems Defendant's failure to file a response brief to Plaintiff's motion as consent to the granting of the motion. The Court will therefore grant Plaintiff's motion and enter judgment in its favor. *See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec*, 854 F.2d 1538, 1545 (9th Cir. 1988) (affirming district court's grant of summary judgment where an applicable local rule required the nonmoving party to "list genuine issues with appropriate record citations in order to withstand the motion for summary judgment," which the nonmoving party failed to do).

**IT IS THEREFORE ORDERED** granting Plaintiff JBS Tolleson Inc.'s Motion for Summary Judgment (Doc. 26) and Request for Ruling on Motion for Summary Judgment (Doc. 28).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment in favor of Plaintiff JBS Tolleson Inc. and against Defendant Ammonia Refrigeration Inc. in the amount of $474,690.22 plus post-judgment interest at the statutory rate.

**IT IS FURTHER ORDERED** that, by September 2, 2022, Plaintiff may file an application for reasonable attorneys' fees and costs in compliance with the Local Rules.

**IT IS FURTHER ORDERED** directing the Clerk of Court to close this matter.

Dated this 12th day of August, 2022.

Honorable John J. Tuchi
United States District Judge